966 F.2d 1442
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Richard GOOSMAN, Plaintiff-Appellee,
v.
Stuart I. HARRIS, Defendant-Appellant.
 No. 92-1118.
 United States Court of Appeals,
Fourth Circuit.
 Argued: June 3, 1992
Decided: June 29, 1992
 
 Argued: Richard E. B. Foster, Magee, Foster, Goldstein & Sayers, Roanoke, Virginia, for Appellant.
 Jane Siobhan Glenn, Fishwick, Jones & Glenn, Roanoke, Virginia, for Appellee.
 On Brief: Matilda A. Brodnax, Magee, Foster, Goldstein & Sayers, Roanoke, Virginia, for Appellant.
 John P. Fishwick, Jr., Fishwick, Jones & Glenn, Roanoke, Virginia, for Appellee.
 Before NIEMEYER and LUTTIG, Circuit Judges, and GARBIS, United States District Judge for the District of Maryland, sitting by designation.
 PER CURIAM:
 
 
 1
 This case arises out of a lawsuit for contribution between sureties. Plaintiff-appellee Richard Goosman and defendant-appellant Stuart I. Harris were directors of National Service Van Equipment, Inc. (VanQuip). Goosman executed a limited guaranty for the full amount of a $125,000 line of credit extended to VanQuip by Sovran Bank, N.A.; Harris twice executed an unlimited guaranty to Sovran for VanQuip's debts. Goosman also provided money-market securities as collateral for the loan. When VanQuip defaulted on the $125,000 debt, Goosman asked that Sovran liquidate the securities to cover the debt. He later paid roughly $400 to cover a small deficiency.
 
 
 2
 Goosman sued Harris in the United States District Court for the Western District of Virginia, seeking $62,500 plus interest in contribution from Harris as a co-surety on VanQuip's debt. Recognizing that co-sureties are bound by implied contract under Virginia law to contribute ratably toward the discharge of a shared obligation, the court granted summary judgment in favor of Goosman. See Goosman v. Harris, Civil Action No. 91-0426-R, slip op. at 3-4 (W.D. Va. Dec. 24, 1991) (citing Van Winckel v. Carter, 198 Va. 550, 95 S.E.2d 148, 152 (1956), and Sacks v. Tavss, 237 Va. 13, 375 S.E.2d 719, 721 (1989)), reprinted in J.A. at 49-50.*
 
 
 3
 Harris argues on appeal that Sovran's "foreclosure on [Goosman's] marketable securities pledged as collateral" precludes Goosman's recovery as a co-surety. Appellant's Br. at 6. In the alternative, he argues that the district court "erred when it ruled that the proportional share of each guarantor was 50% without considering the facts and circumstances of the individual benefit received by each guarantor." Id. at 11. Having considered Harris' arguments, we find them meritless. We accordingly affirm on the reasoning of the district court.
 
 AFFIRMED
 
 
 *
 The district court rejected Goosman's argument that he could proceed against Harris as a co-surety for the full $125,000 under Va. Code Ann. § 49-27. See slip op. at 3, J.A. at 49. Goosman does not cross-appeal from this decision